IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

_____

| | | |
|---|---|---|
| RICHARD MAKOHONIUK, | ) | |
| TARA MAKOHONIUK and | ) | No. 4:09-cv-00185-HDV-CFB |
| GRETA MAKOHONIUK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CENTRAL CREDIT SERVICES, INC., | ) | |
| MIKE ORLANDO, MELISSA RAYE, | ) | |
| THOMAS WRIGHT, ARROW | ) | |
| FINANCIAL SERVICES, L.L.C., | ) | |
| NCB MANAGEMENT SERVICES, | ) | |
| INC., JOHN DOE NO. 1, ARTHUR | ) | ORDER |
| DEMARCO, PAT NELSON, HSBC | ) | |
| CARD SERVICES (III), INC., | ) | |
| HSBC BANK, NEVADA, N.A., and | ) | |
| HSBC CARD SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter comes before the Court on Defendants', HSBC Card Services (III), Inc.,

HSBC Bank Nevada, N.A., and HSBC Card Services, Inc., (HSBC Defendants), motion for

attorney's fees and costs incurred as a result of the failure of Plaintiffs Richard Makohoniuk,

Tara Makohoniuk, and Greta Makohoniuk to attend a properly noticed deposition scheduled to

take place April 21, 2010, pursuant to Fed. R. Civ. P. 37(d)(3) (Clerk's No. 36). A hearing on the

motion was held on July 7, 2010. The Court issued an Order (Clerk's No. 51) granting the parties

an extension of time to July 16, 2010, to submit supplemental briefing on the following issues:

(1) whether Plaintiffs' failure to attend the deposition was substantially justified, or any other

1

circumstances that would make an award of expenses unjust; and (2) the amount of fees and costs HSBC Defendants incurred, including time for the July 7 hearing. At the time of this Order, Plaintiffs have filed no such brief. HSBC Defendants filed affidavits (Clerk's Nos. 44 and 53) detailing fees and expenses incurred as a result of the aborted deposition and as a result of attending the July 7 hearing.

According to their affidavits, HSBC Defendants request a total of $6,435.00 in attorney's fees and $427.35 in costs based on the following.

Fees and costs associated with the aborted April 21, 2010, deposition total $4,262.50 and $267.85 respectively, including:

1.  Time spent prior to April 21, 2010, in preparation for the scheduled deposition, including reviewing pleadings, reviewing initial disclosures, noticing and scheduling the deposition.
    4.4 hours at $275/hour = $1,210.00.

2.  Time spent on April 21, 2010, the day of the deposition, including travel time, making a record of non-appearance, and research regarding dismissal based on failure to appear.
    7.1 hours at $275/hour = $1,952.50.

3.  Researching available sanctions for failure to attend deposition and for failure to prosecute; drafting motions to dismiss, to compel, and to reset case progression dates.
    3.2 hours at $275/hour = $880.00.

4.  Continued research and preparation of final draft of brief in support of motions to dismiss and to compel.
    .8 hours at $275/hour = $220.00.

5.  Mileage costs.
    290 miles at $0.55/mile = $159.50.

6.  Court reporter fees.
    $108.35.

2

Fees and costs associated with the hearing of July 7, 2010, total $2,172.00 and $159.50 respectively, including:

> 7.    Preparation for the hearing.
>
>> 1.4 hours at $275/hour = $385.00.

> 8.    Attending the hearing, including additional preparation time, travel time, and time spent at the hearing.
>
>> 6.5 hours at $275/hour = $1,787.50.

> 9.    Mileage costs.
>
>> 290 miles at $0.55/mile = $159.50.

Pursuant to Rule 37(d), the moving party may recover from a party who fails to attend a properly noticed deposition the reasonable expenses, including attorney's fees, "caused by the failure." Fed. R. Civ. P. 37(d)(3). Here, however, HSBC Defendants have requested more than the expenses they incurred as a result of Plaintiffs' failure to attend their depositions. Defendants' request for fees includes time spent reviewing pleadings, initial disclosures, and other discovery in preparation to take the deposition. Defendants also request fees for time expended preparing the notice of deposition and for scheduling the deposition. These events predate Plaintiffs' failure to attend the deposition and thus cannot logically be caused by the failure. Such costs are not properly compensable according to the plain meaning of 37(d)(3). See Ranger Transportation, Inc. v. Wal-Mart Stores, 903 F.2d 1185, 1188 (8th Cir. 1990) (declining to award expenses incurred preparing for an aborted deposition, holding that movant incurred no recoverable expenses upon nonmoving party's failure to attend deposition, where movant was able to take other depositions the same day); Criterion 508 Solutions, Inc., v. Lockheed Martin Servs., 255 F.R.D. 489, 496 (S.D. Ia. 2008) (charges incurred for time spent had the deposition proceeded as planned are not caused by the failure).

Likewise, expenses Defendants incurred traveling to and from the aborted deposition were not caused by the failure and therefore are not compensable. See Gamblin v. Miss. Farm Bureau Mut. Ins. Co., Civil Action No. 3:07CV698 HTW-LRA, 2010 WL 1780221, at *10 (S.D. Miss. Apr. 30, 2010) (characterizing expenses incurred traveling to an aborted deposition as preparatory); Vision Ctr. Nw., Inc., v. Vision Value LLC, No. 3:07-CV-183 RLM, 2008 WL 4276240, at *5 (N.D. Ind. Sept. 15, 2008) (distinguishing between travel expenses incurred in preparation for an aborted deposition and those incurred in preparation for the resultant motion for sanctions).

With these principles in mind, the Court holds the causal event and the appropriate reference point from which recoverable fees and costs began accruing was Plaintiffs' failure to attend the deposition. HSBC Defendants did not prepare for the deposition, notice the deposition, schedule the deposition, or travel to and from Des Moines for the deposition as a result of Plaintiffs' failure to attend. Therefore, none of these costs is recoverable. Defendants' request for fees is accordingly reduced by a total of 9.2 hours[1], and requested mileage costs with respect to the deposition are denied. Costs and fees associated with making a record at the aborted deposition, including the cost of the court reporter, as well as fees associated with researching and drafting subsequent related motions to compel, to dismiss, and to reset case progression dates are recoverable. Defendants may also recover fees and costs incurred preparing for, traveling to, and attending the July 7 hearing.

The Court **grants** Defendants' request for attorney's fees and costs (Clerk's No. 36) to the extent such fees and costs were caused by the Plaintiffs' failure to attend a properly noticed

---

[1]The 9.2 hour reduction includes the 4.4 hours of time billed prior to April 21 preparing for the deposition and 4.8 hours spent traveling to and from Des Moines for the aborted deposition. The latter figure is an estimate by the Court as the affidavit supplied by HSBC Defendants provides only an aggregate sum of 7.1 hours billed on April 21. Only a portion of the associated billing description represents recoverable fees. To the extent that the description includes driving time, it is denied and must be reduced by that amount. The Court arrived at the 4.8 hour estimate using counsel's stated round-trip travel distance of 290 miles supplied in the Affidavit of Craig A. Knickrehm (Clerk's No. 44). The Court then assumed an average speed of 60 miles per hour along the route.

deposition pursuant to Fed. R. Civ. P. 37(d)(3). The Court finds that HSBC Defendants incurred 6.3 hours in attorney time at $275 per hour, for a total $1,732.50, and expended $108.35 in costs with respect to the aborted deposition. The Court further finds that HSBC Defendants incurred 7.9 hours in attorney time at $275 per hour, for a total $2,172.50, and expended $159.50 in costs with respect to the July 7 hearing.

Therefore, the Court awards HSBC Defendants $3,905.00 in fees and $267.85 in costs for a total award of $4,172.85, assessed jointly and severally against the three plaintiffs, Richard Makohoniuk, Tara Makohoniuk, and Greta Makohoniuk, but not against Plaintiffs' counsel.

IT IS SO ORDERED.

Dated this 8th day of September, 2010.

CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE